**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1384
_____

RAYMOND E. THORNTON,
                                        Appellant

v.

LT. WEST, as an individual and his official capacity; COUNSELOR MUSSER, as an individual and in her official capacity; LAURO B. DIAZ, JR., as an individual and in his official capacity; LT. HICKMAN, as an individual and in his official capacity as Lieutenant/Grievance Chairperson at S.C.I.;WARDEN G. R. JOHNSON, as an individual and in his official capacity as Deputy Warden at S.C.I.; SGT. HUBBS, as an individual and in his official capacity as Internal Affairs Officer at S.C.I.; WARDEN VALENTINO, as an individual and in her official capacity as Deputy Warden at S.C.I.; MAJOR TRUMAN MEARS, as an individual and in his official capacity as Director of Mental Health at S.C.I.; JILL HARE, as an individual and in her official capacity as Director of Mental Health at S.C.I.; ALTEA JETT, as an individual and in her official capacity as Counselor at S.C.I.; W. S. EVANS, as an individual and in his official capacity as counselor/CICC Board Member; MEMBERS OF THE CICC BOARD, as individuals and in their official capacity as Classification Members at S.C.I; MEMBERS OF ICB, as individuals and in their official capacities as classification members at S.C.I.; GERRI TAYLOR, as an individual and in her official capacity as Counsel at S.C.I.; ANGUS MACLENNAN, as an individual and in his official capacity as Classification Counselor at S.C.I.; MICHAEL MCMAHON, as an individual and in his official capacity at J.T.V.C.C.; WARDEN PERRY PHELPS, as an individual and in his official capacity as Warden at J.T.V.C.C.; DEPUTY WARDEN PIERCE, as an individual and in his official capacity as Deputy Warden at J.T.V.V.C.; MENTAL HEALTH STAFF SCI, as an individual and in their official capacity as Mental Health Workers at S.C.I.; MENTAL HEALTH STAFF FOR JTVCC, as an individual and in their official capacity as Mental Health Workers (SHU) at J.T.V.C.C.; MENTAL HEALTH PSYCHIATRISTS, as individuals and in their official capacities as Psychiatrists at J.T.V.C.C.; LT. T. HARRIS, as an individual and in his official capacity as Lieutenant at S.C.I.; LT. VINSON, as an individual and in his official capacity as Lt./Hearing Officer at S.C.I.; SGT. CARVER, as an individual and in his official capacity as Building Sergeant at S.C.I.; LESLIE

1

SEXTON; VINNIE FABBER; KRYSTAL, Mental Health Worker; PETER, Mental Health Worker; DR. FILLOLA; 8 TO 4 SHIFT INTAKE NURSE; DR. COLE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No.1-11-cv-01024)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2013)
_____

OPINION
_____

PER CURIAM

Raymond Thornton, a prisoner proceeding pro se and in forma pauperis, appeals the District Court's dismissal of his civil rights complaint for failure to exhaust administrative remedies.  We will summarily affirm.

I.

Thornton brought a civil rights action, 42 U.S.C. § 1983, against numerous correctional officials, including several wardens and mental health professionals at Sussex Correctional Institution ("SCI") and James T. Vaughn Correctional Center ("VCC").  He was initially housed in SCI, and later transferred to VCC, where he is presently incarcerated.  In his original complaint, Thornton claimed that he was

2

transferred to VCC in retaliation for filing a grievance against several SCI correctional officers, citing their misuse of prison computers. He further alleged due process violations relating to that transfer, and believed his transfer to VCC was ordered with direct indifference to his safety. Thornton has been diagnosed with bi-polar disorder, violent episodes, and ADHD, and claimed that since moving to VCC, he has not received proper mental health treatment. He also alleged Eighth Amendment violations concerning the living conditions at VCC, including inadequate portions of cold meals, toilet paper, and toothpaste; lack of access to a law library; forced lighting in prison cells; and loud noises, among other claims. He sought punitive damages and injunctive relief in the form of a transfer to the Delaware Psychiatric Center ("DPC").

In March 2012, in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), the District Court dismissed most of Thornton's claims as frivolous. However, the Court allowed him to proceed with his retaliation claims against Defendants Diaz, West, and Musser ("State Defendants"), and his medical needs claims against the VCC Mental Health Staff and Psychiatrists ("Medical Defendants"), who were subsequently named in an amended complaint. Thornton filed several motions seeking reconsideration, injunctions, to amend his complaint, a default judgment, to compel discovery and responses, and appointment of counsel. The Defendants moved for dismissal on the grounds that Thornton failed to state a claim upon which relief could be granted, and for failing to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). The District Court denied Thornton's motions, but granted the

3

Defendants' motion to dismiss, finding that Thornton had not exhausted his administrative remedies. Thornton timely appealed.

We now consider whether to dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2) or take summary action affirming the District Court's judgment. 3d Cir. LAR 27.4; I.O.P. 10.6. We may take summary action where an appeal presents "no substantial question." Id.

## II.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order dismissing Thornton's complaint and denying his various motions. We exercise plenary review over the District Court's dismissal for failure to exhaust administrative remedies. See Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir. 1998). The denials of Thornton's motions are reviewed for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (reconsideration); Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (injunctive relief); Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990) (leave to amend); Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989) (default judgment).

## III.

In his appeal, Thornton argues that the District Court erred in concluding that he failed to exhaust his administrative remedies for his remaining retaliation and Eighth Amendment medical needs claims. We disagree, and will summarily affirm the District Court's dismissal.

4

The Prison Litigation Reform Act of 1995 ("PLRA") requires that, before bringing claims with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law, prisoners must first exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a). Prison grievance procedures are the administrative remedies that must be exhausted under the PLRA *before* bringing suit. Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002).

With respect to the retaliation claim against the State Defendants, Thornton initially maintained that he exhausted his administrative remedies. See Comp. 3, Oct. 23, 2011, ECF No. 2. But later, he stated that he was restricted from filing a grievance, because prison officials at SCI would not provide him with the requisite forms. See Dec. 1-2, Dec. 26, 2012, ECF No. 109. Aside from being inconsistent, Thornton's explanation does not clarify why he did not file a grievance when he arrived at VCC. As the District Court noted, the record reflects that around the time Thornton was transferred to VCC in September 2011, he filed a grievance on a different matter. This evidences that prior to filing his complaint in October 2011, Thornton had the ability to file a grievance about the retaliatory prison transfer.

As it relates to the exhaustion of his claims against the Medical Defendants, Thornton initially argued that the PLRA should not apply because a grievance letter would not have made a difference. Ans. Brief 5, Aug. 2, 2012, ECF No. 68. However, it later became apparent that he did file a grievance, and that his mental health treatment had changed as a result. See Supp. Memo. 4, Nov. 29, 2012, ECF No. 94; see also Add.

5

Ex., Dec. 12, 2012, ECF No. 99. Because Thornton filed his medical grievance after commencing this action, his claims were not properly exhausted. See Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) ("exhaustion is a *prerequisite* to suit . . . for *all* 'actions brought with respect to prison conditions'") (emphasis added); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (discussing the time constraints for curing exhaustion issues).

We note that Thornton remains dissatisfied with the mental health treatment he is receiving at VCC. However, a prisoner's disagreement with proper medical treatment does not rise to a constitutional violation. See Spruill, 372 F.3d at 235. Thornton has not sufficiently alleged that the Medical Defendants were deliberately indifferent to his medical needs, i.e., that they knew of and disregarded an excessive risk to his health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Therefore, his Eighth Amendment claim fails. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (to state an Eighth Amendment claim for inadequate medical care, a prisoner must allege deliberate indifference to a serious medical need).

IV.

Finally, to the extent that Thornton is also appealing the denial of his motions, we perceive no error in the District Court's judgment. After careful review of the record, we agree with the reasoning of the District Court. There was no basis for granting the motions for reconsideration, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (explaining that the purpose of a motion for reconsideration "is to correct manifest

errors of law or fact or to present newly discovered evidence," not to reargue previously adjudicated claims); injunctive relief, see Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (providing the high standard for obtaining a preliminary injunction); leave to amend, see Singletary v. Pa. Dep't. of Corr., 266 F.3d 186, 193-94 (3d Cir. 2001) (seeking to add new parties to an action by amending the complaint requires that the claims arise from the occurrence set out in the original pleadings); or default judgment, see Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) ("the entry of a default judgment is left primarily to the discretion of the district court."). Accordingly, we also agree that the motions to compel a response, stay discovery, and appoint counsel were properly denied as moot.

V.

For the foregoing reasons, we conclude that the District Court properly dismissed the complaint for failure to exhaust administrative remedies. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.